**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

RONALD MARK HARRIS,

    Defendant - Appellant.

No. 99-6362
(D.C. No. CR-98-209-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY**, and **HENRY**, Circuit Judges.

---

    Petitioner-Appellant Ronald Mark Harris pled guilty to bank fraud in violation of 18 U.S.C. § 1344(2). He was sentenced to 63 months imprisonment, five years supervised release, and ordered to pay a $100 special assessment and restitution of $949,737.03. Mr. Harris appeals the sentence imposed, alleging three grounds of district court error: (1) improper use of the 1998, rather than the 1997, version of the Sentencing Guidelines; (2) upward departure based on impermissible factors; and (3) restitution awarded to individuals who were not

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

victims of the underlying bank fraud. We decide only the first ground, reverse, and remand for resentencing de novo.

Mr. Harris did not object at the time of sentencing, and we therefore review only for plain error. See United States v. Gilkey, 118 F.3d 702, 704 (10th Cir. 1997). The underlying bank fraud scheme occurred between November 5, 1993 and April 30, 1998. Mr. Harris was sentenced in September 1999 under the November 1998 version of the Sentencing Guidelines. Ordinarily, a sentencing court must use the version of the Guidelines in effect on the date of sentencing, unless to do so would violate the Ex Post Facto Clause "'by altering the definition of criminal conduct or increasing the punishment for the crime.'" United States v. Svacina, 137 F.3d 1179, 1186 (10th Cir. 1998) (citation omitted). Sentencing a defendant under a guideline which "contains an adjustment that did not exist at the time of the offense" would violate this principle. United States v. Nichols, 169 F.3d 1255, 1270 n.3 (10th Cir. 1999).

Mr. Harris received upward adjustments to his sentence under U.S.S.G. § 3A1.1(b). The 1997 version of that section states:

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by **2** levels.

The 1998 version is markedly different.

- 2 -

(1) If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by **2** levels.
(2) If (A) subdivision (1) applies; and (B) the offense involved a large number of vulnerable victims, increase the offense level determined under subdivision (1) by **2** additional levels.

Mr. Harris was given a 2 point enhancement under § 3A1.1(b)(1) and an additional 2 point enhancement under § 3A1.1(b)(2). Because § 3A1.1(b)(2) was not in effect at the time of the underlying conviction, the district court plainly erred in applying it to Mr. Harris, and we will remand for resentencing.

Finally, should the district court again order restitution under 18 U.S.C. § 3663(a)(3) as agreed in the plea agreement, 1 R. doc. 11 at 6, it should identify the basis for any restitution to investors in Mr. Harris' family entertainment center venture ("The Original Spot"), as opposed to victims of the bank fraud scheme. See 18 U.S.C. § 3663(a)(2); United States v. Sapp, 53 F.3d 1100, 1105 (10th Cir. 1995).

REVERSED and REMANDED for de novo sentencing.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge